NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000172
31-MAY-2012
09:09 AM**

NO. CAAP-12-0000172

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

INTEGRATED HEALTH RESOURCES, LLC d/b/a INTEGRATED HEALTH
SERVICES, Plaintiff-Appellee, v.
GENEVIEVE WALKER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC 12-1-608)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not
have jurisdiction over the appeal that Defendant-Appellant
Genevieve Walker (Appellant Walker) has asserted from the
Honorable Hilary Benson Gangnes's February 28, 2012 order
striking Appellant Walker's answer and counterclaim, the
February 28, 2012 order striking Appellant Walker's answer and
counterclaim is an interlocutory order, and the district court
has not yet entered an appealable final order or final judgment
in this case.

Appellant Walker is appealing pursuant to Hawaii
Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added).

The district court has not entered a final order or final judgment that fully disposes of this action in the district court. Although exceptions to the final judgment requirement exist under the <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848), doctrine (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b), the February 28, 2012 order striking Appellant Walker's answer and counterclaim does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, and HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i

319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the February 28, 2012 order striking Appellant Walker's answer and counterclaim is not an appealable order. Absent an appealable order or appealable judgment, this appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-12-0000172. Accordingly,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000172 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 31, 2012.

Presiding Judge

Associate Judge

Associate Judge